### PFEIFFER v. JONES, Collector of Internal Revenue.

Civ. No. 1188.

District Court, W. D. Oklahoma.

June 21, 1944.

Merle G. Smith, of Guthrie, Okl., for plaintiff.

Charles E. Dierker, U. S. Dist. Atty., of Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

The Court, from the agreed facts and the evidence in this case, finds the facts herein as follows:

First. The plaintiff, Fred Pfeiffer, is a citizen of the United States of America and a resident of Logan County, Oklahoma, and was such during the years 1936, 1937, and 1938.

Second. The defendant, H. C. Jones, is the Collector of Internal Revenue for the Government of the United States for Oklahoma, and was such when the taxes herein sought to be recovered were paid.

Third. On March 14, 1936, plaintiff filed his individual income tax return for the calendar year 1935 disclosing gross income of $820.11, net income of $820.11 and no tax liability thereon. That during the calendar years 1935, 1936, 1937, and 1938, the plaintiff was a farmer. That the income tax return for the calendar year 1935 filed by the plaintiff was the first Federal Income Tax Return ever filed by the plaintiff. That in said income tax return for the calendar year 1935 the plaintiff reported on the accrual basis and used an inventory to determine profits, as provided by law and the regulations of the Treasury Department in the case of a farmer reporting on the accrual basis, using an inventory to determine profits. That all income of the plaintiff for the calendar years 1935, 1936, 1937, and 1938 was reported on the accrual basis in each Federal Income Tax Return for each of said calendar years. That the said plaintiff during said four calendar years kept a set of records or books, which clearly reflected plaintiff's income. That said return was erroneously designated on the cash basis.

Fourth. The oil runs for the four calendar years were returned and taxed on the accrual basis and taxes paid on the accrual basis. That plaintiff during said four calendar years was consistent in returning all income on the accrual basis. That oil runs for the month of December for each of said four calendar years were reported as income for the month of December in each year. That the December oil runs in each of said calendar years were not payable until January of the following year.

Fifth. That on the 11th day of December, 1936, the plaintiff, as lessor, made, executed and delivered to Champlin Refining Company, as lessee, an Oil and Gas Lease covering land of the plaintiff located in the County of Logan, State of Oklahoma. That the said lease provided for a bonus in the sum of $54,000. $16,667 in cash of said bonus was paid to the plaintiff by the lessee on December 11, 1936, and the balance of said bonus was to be paid from the lessee's share of production under said lease. However, at the same time and place the said Champlin Refining Company made, executed and delivered to the plaintiff a contract in writing unconditionally guaranteeing the payment of the balance of said bonus, guaranteeing that $18,667 thereof would be paid on or before July 1, 1937, and further guaranteeing that the balance of $18,667 would be paid on or before July 1, 1938. That the said Champlin Refining Company is a corporation engaged in business in the State of Oklahoma. That said Contract was a valid and binding obligation of said Champlin Refining Company, and by said Contract the Champlin Refining Company unconditionally guaranteed the payment of the balance of said bonus. That the credit of the Champlin Refining Company was unquestioned and the equivalent of cash, less a reasonable discount. That the plaintiff reported the said $54,000 bonus as income accrued in the calendar year 1936 and paid the Federal income tax due thereon.

Sixth. Subsequent to the filing of the income tax returns for the calendar years 1936, 1937 and 1938, the Commissioner of Internal Revenue caused an audit to be made of said returns and determined that the $18,667 payment on said bonus payable in 1937 was income for the year 1937, and the $18,667 payment on said bonus payable in 1938 was income for the year 1938, on the theory that plaintiff was on a cash and not an accrual basis. That the Commissioner determined that plaintiff was entitled to a refund on his 1936 income tax payment, and determined a deficiency in tax for the calendar years 1937 and 1938. That the plaintiff was allowed a credit against said deficiency assessments in the amount of

the refund determined to be due on the 1936 return. That, as provided by law, said plaintiff on July 16, 1940, paid to the defendant the sum of $12,963.92, under protest, being the amount of the excess of said deficiency assessments over credits determined due plaintiff. That within the time provided by law, the plaintiff filed claims for refund for the deficiency assessments for the said calendar years 1937 and 1938. That the plaintiff, returning his income at all times on the accrual basis, was correct in reporting said total bonus as income for the calendar year 1936, and that the Commissioner was in error in determining otherwise. That the plaintiff is entitled to recover from the defendant said tax paid by the plaintiff. That the following is a computation of the amount due plaintiff from the defendant:

| | |
|---|---:|
| 1937 and 1938 assessment actually paid by plaintiff on July 16, 1940, | $12,963.92 |
| Six per centum (6%) interest on $12,963.92 from July 16, 1940, to December 9, 1940, | 308.95 |
| Allowing a credit of $1,150.36 as of December 9, 1940, by reason of interest paid by the defendant to the plaintiff on the 1936 assessment, leaves a balance of said 1937 and 1938 payment in the amount of $11,813.56. Six per centum (6%) interest on said balance of $11,813.56 from December 9, 1940, to January 9, 1943, amounts to | 1,476.69 |
| Six per centum (6%) interest on said balance of $11,813.56 from January 9, 1943, to May 31, 1944, amounts to | 988.20 |

That the plaintiff, therefore, is entitled to judgment against the defendant in the principal amount of $11,813.56, with interest at the rate of six per centum (6%) per annum on $12,963.92, from July 16, 1940, to December 9, 1940, and interest at the rate of six per centum (6%) per annum on $11,-813.56 from December 9, 1940, until paid.

Seventh. That on December 4, 1941, as provided by law, plaintiff filed claims for refund for the calendar years 1937 and 1938. That said claims were rejected by the Commissioner, plaintiff being advised of such rejection by registered letters dated March 25, 1942. That this action was filed on the 5th day of February, 1943.

Eighth. That the said Contract of Champlin Refining Company dated December 11, 1936, whereby the said Champlin Refining Company agreed unconditionally to pay the balance of said bonus within the time therein stated, was the equivalent of cash to the plaintiff, less a reasonable discount, in that said Contract was an unconditional guarantee of payment, and that the credit of said Champlin Refining Company was unquestioned.

### Conclusions of Law.

First. That the first Federal Income Tax Return filed by the plaintiff was for the calendar year 1935. That such return was filed by the plaintiff on the accrual basis. That the plaintiff filed his Federal Income Tax Returns for the calendar years 1936, 1937 and 1938 on the accrual basis. That plaintiff kept records which clearly reflected his income during all of said years.

Second. That the $54,000 bonus for the execution of said Oil and Gas Lease was taxable income of the plaintiff for the calendar year 1936, the year of the execution of said lease, the taxpayer being on an accrual basis and such bonus being unconditionally guaranteed by an enforceable contract in writing executed by a solvent obligor, whose credit was unquestioned. That the Commissioner erred in determining that part of said bonus was income for the calendar year 1937, and the Commissioner was further in error in determining that part of said bonus was income for the calendar year 1938. That the Commissioner was in error in making said deficiency assessments.

Third. That the Court has jurisdiction of the subject matter and the parties to this action, and that plaintiff has sustained the allegations of his petition and is entitled to judgment accordingly.

Fourth. That plaintiff should recover from the defendant herein, judgment in the principal amount of $11,813.56, with interest at the rate of six per centum (6%) per annum on $12,963.92, from July 16, 1940, to December 9, 1940, and interest at the rate of six per centum (6%) per annum on $11,-813.56 from December 9, 1940, until paid, and all his costs herein expended.